WILLIAM RIBBLE and ZACHARIAH FLOMMERFELT *against* WILLIAM JEFFERSON.

IN CERTIORARI.

In an action brought by the payee of an order or bill of exchange against the drawer, the state of demand must substantially aver that notice, in due season, was given to the drawer, of the non-acceptance or non-payment of the bill or order.

If a promise is conditional, before a recovery can be had upon it, the performance of the condition must be shewn. *Per C. J. Ewing.*

*M. Croxall,* attorney for plaintiff.

*C. Lewis,* attorney for defendant.

EWING, C. J. We are obliged, without investigation of their merits, to dispose of and lay aside the errors of law alleged by the counsel of the plaintiffs in *certiorari,* to have occurred on the hearing of the appeal in the Court of Common Pleas. The case, as it appeared there, is not properly brought before us. We cannot see or know, from the returns and affidavits, what evidence was given, or what questions of law where or might have been raised and decided in that court. The return to the *certiorari,* contains a copy of a rule of the Court of Common Pleas, stating that the parties had failed to agree upon a state of the facts, and the court was unable to settle the same, and

directing the clerks to return to this court. Such return being made, this court granted, at the instance of the plaintiffs in *certiorari*, leave to supply a state of the case by affidavits. They were afterwards taken, one by the plaintiffs and two by the defendant. But neither, by them nor in any other manner, did it appear that any part of the matters they contained had been testified or given in evidence before the Court of Common Pleas. Time was given by this court to remedy this defect. And as the papers now stand, one' of the witnesses, he who was examined on the part of defendants below, who are plaintiffs here, declares that his affidavit contains what he testified on the trial of the appeal; but although it is admitted there was evidence given in the Common Pleas on the part of the plaintiff there, it is in no manner shewn to us what the evidence was, or whether the matters contained in the other affidavits were testified, nor indeed whether the persons who made them were examined as witnesses, in that court. It is not sufficient for the plaintiff in *certiorari* to rest content with exhibiting what evidence he gave, and hope for a reversal. The evidence of his adversary may have made out a legal cause of action, and we are bound so to presume until the reverse is established by him who complains. In the case of the *State* v. *Mayhew*, on *certiorari*, 4 *Halst.* 78, this court said, " The decree is presumed right until the contrary is shewn, either from the face of the decree, or by such matter dehors the record as may be the proper subject of examination. The decree stands fully supported by legal intendment, and the party in whose favor it is made, may safely rest on it until its destitution of legal support is shewn by him who makes it the subject of complaint." One of the reasons urged by the plaintiff's counsel for reversal, impeached the sufficiency of the state of demand. If this be well taken it must prevail, for a legal cause of action, proved on the trial, will not sustain the judgment, unless it be substantially shewn in the state of demand.

Jefferson in his state of demand alleges that Ribble and Flommerfelt on the 20th May, 1823, this action being commenced on the 17th December, 1825, made two separate orders in his favor, the one requiring John Summers, and the other requiring Jacob Summers to pay him a certain sum of money. The orders are set out at length; and which orders "as he avers the said John Summers, Esq., and Jacob Summers respectively refused to accept, that is to say, the orders drawn on themselves individually, by which refusal, and a subsequent request by defendants, that plaintiff would keep the orders, and a promise upon that to pay if they would not, that is the said Summers', they have become liable to pay both amounts, with interest, to plaintiff." To enable Jefferson to recover in consequence of the refusal to accept either notice in due season to the drawers of the non-acceptance or a legal excuse, for it was necessary, not merely to be proved on the trial, but to be shewn substantially at least in the state of demand, for otherwise he had not, and did not shew a legal cause of action.

*Halsey* v. *Salmon, Penn.* 916; *Estell* v. *Vanderveer,* 2 *South.* 782; *Disborough* v. *Vanness,* 3d. *Halst.* 231, are cases of the existence and application of this rule. It is clear then that this state of demand is defective, unless it can stand on the subsequent promise which it alleges. But that promise is conditional, "to pay if they would not, that is, the said Summers'." Now it should have been shewn, and that too by something subsequent to the promise, not the mere antecedent refusal to accept, that they would not pay. The right of recovery did not rest merely upon the promise, but on a contingency, the event of which ought therefore to have been shewn. 7 *Co.* 76, *Ughtred's Case. Read* v. *Wilkinson,* 2 *Wash. Rep. C. C. Rep.* 517; *Davies* v. *Smith,* 4 *Esp. Cases* 36.

The state of demand therefore does not shew a legal cause of action.

DRAKE, J.   William Ribble and Zachariah Flommerfelt were sued, as drawers of two several orders, or bills of exchange, which were retained by Jefferson, the payee, and plaintiff below, an improper length of time, without giving any notice of non-acceptance or non-payment to the drawers. This defect in the plaintiff's case is attempted to be got over by shewing conversations between him and Ribble, one of the defendants below, from which it may perhaps be inferred, that Ribble waived the irregularity with respect to notice, and undertook to pay if the drawees of the several bills did not.   Without expressing any opinion how far Ribble might be bound by these conversations, there is certainly no foundation for holding Flommerfelt liable.   It does not appear that the defendants below were partners, and after Flommerfelt was discharged by want of notice, he could not be again made liable but by his own consent.

Let the judgment of the Common Pleas be reversed.